11 So.2d 462

## LOCKLEY v. STATE.
### 6 Div. 969.

Court of Appeals of Alabama.
Jan. 19, 1943.

W. W. Monroe, of Fayette, for appellant.

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder (Code 1940, Tit. 14, § 38) and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years.

The State's evidence was abundant to the effect that appellant conspired with and hired one Tommie Young to go to appellant's home, while appellant was away at work, and, gaining entrance to said home by a pretext of having been sent there by appellant for some eggs, to strike appellant's wife over the head "a couple of times" with a "piece of pipe" about twelve inches long—of a size which obviously made it a deadly weapon.

Tommie Young testified for the State; and his testimony made out in every particular a case against appellant of a most atrocious assault upon his wife which both he and Tommie Young thought, and intended, would surely kill her.

Little motive was shown; and the case in its psychological aspects is puzzling in the extreme.

But, as stated, the testimony of Tommie Young, the confessed co-conspirator, and actual perpetrator of the physical assault, is full and complete as to appellant's participation in the conspiracy.

It is corroborated, not only as the law requires, but in practically every particular.

Code 1940, Tit. 15, § 307, can in no way be transgressed by allowing the conviction to stand.

We have been furnished with no brief on behalf of appellant; but the Attorney General has elaborately briefed every ruling which could possibly give rise to any question.

Nothing new or novel is apparent—save only the quirk of a human mind which could prompt such a deed. It would add nothing of value to the body of our law to discuss, seriatim, the rulings discussed by the Attorney General in his brief. Obviously, and as so clearly pointed out in said brief, there was no ruling but that was correct or innocuous.

The judgment is affirmed.

Affirmed.